**Decided October 29, 1981**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

CALISTRO M. IZUKA, individually and as )    CV NO. 81-0036
a Director and Vice-Chairman of the     )
Economic Development Loan Fund of the   )
Commonwealth of the Northern Mariana    )
Islands,                         )
                                )
                  Plaintiff,     )
                                )
           vs.                    )    MEMORANDUM DECISION
                                )
CARLOS S. CAMACHO,             )
                                )
                 Defendant.    )
————————————————————————————————)

MEMORANDUM DECISION

Plaintiff's motion for partial summary judgment on his first cause of action, as amended in open court, came on for hearing on October 9, 1981. Both parties stipulate that there is no genuine issue of material fact, and each party claims that it is entitled to judgment as a matter of law on the sole issue of whether or not the governor can terminate the membership of a member of the Board of Directors of the Economic Development Loan Fund who was appointed to a three-year term.

I.

BACKGROUND

On or about December 27, 1978, the governor endorsed and adopted regulations governing the policies and procedures for the Economic Development Loan Fund (hereinafter "EDLF") titled "Policy and Procedure Manual" which, among other things, provided

211

for the management of the EDLF.[1]   Chapter V, Section A of the Manual provides in part as follows:

> A.  Members of Board:  The affairs of the Fund shall be managed by a Board of Directors, ten (10) in number of which three shall be ex-officio without voting power representing the Department of Commerce and Labor, Department of Natural Resources and the Attorney General.  Ample representation shall be from the business community . . . and one each representing the business community, the public sector and the administration, one representing the island of Rota and one representing the island of Tinian. All Directors shall be appointed by the Governor of the Northern Mariana Islands.

> .  .  .

> During the first year of operation of the Fund the members of the Board shall serve staggered terms:  One member shall serve for one (1) year, another for two (2) years, and the balance of the membership shall be for three (3) years. Each member replacing a Board member after his original term, shall serve a period of three (3) years.  The Governor shall determine the initial terms of the members of the Board and insure that the appointment comply with Public Law 1-8, Title 1(A), Chapter 1, Administrative Provision.

The plaintiff was duly appointed by defendant on April 11, 1979 for a three-year term as one of the members of the Board of Directors of the EDLF.  His term is due to expire on April 11, 1982.

- - - - - - - - - - -

[1]The Policy and Procedure Manual for the EDLF was revised in its entirety and was published as proposed Rules and Regulations in the Commonwealth Register, Vol. 1, No. 10, on July 16, 1979.  The Manual was duly adopted upon publication of the notice of adopted regulations thirty days later in the Commonwealth Register, Vol. 1, No. 11, page 434.  17 Trust Territory Code § 4.  Duly adopted regulations have the force of law in the Northern Mariana Islands pursuant to the Administrative Procedure Act, specifically 17 Trust Territory Code § 1(14).  Citations in this memorandum are to that of the Revised Manual unless otherwise stated.

On June 4, 1981, the governor sent plaintiff a letter terminating his appointment with the Board of Directors. The letter set forth the defendant's reasons for the termination of plaintiff's appointment.[2]

Provisions regarding vacancy and removal of Board members are covered under Chapter V, Section D of the Manual:

> Board Vacancy: Each Board member as selected shall serve his full term unless the position is vacated by death or by voluntary resignation. Any vacancy shall be filled by appointment by the Governor. The Board may by majority vote recommend to the Governor for removal of any Board member for cause.

## II.
## THE POWER OF APPOINTMENT AND REMOVAL

The Constitution vests the governor with the executive powers of the Commonwealth and "shall be responsible for the faithful execution of the laws" (Constitution of the Northern Marianas, Article III, Sec. 1). To carry out this responsibility the Constitution gives to the governor, among other things, the power to appoint, with the advice and consent of the Senate, an Attorney General (Sec. 11), a Public Auditor (Sec. 12), members of a Board of Education (Sec. 13), heads of executive departments (Sec. 14), members of the Board of the Marianas Public Land Corporation (Art. XI, Sec. 4a), and Trustees of the Marianas Public Land Trust (Art. XI, Sec. 6a).

- - - - - - - - - -

[2]Paragraph two of defendant's letter reads:

> I selected you as a board member based on [the above] considerations. However, your performance has been a great disappointment to me and to those who recommended you. You have failed to act in a professional manner in carrying out your duties. You have interfered with the activities of the Economic Development Loan Fund and have attempted to thwart its purposes. You have acted on the basis of self-interest and the interests of your friends rather than those of the Economic Development Loan Fund or the Commonwealth.

Not requiring advice and consent of the Senate is the appointment of the Executive Assistant for Carolinian Affairs (Art. III, Sec. 18a).

With respect to all these gubernatorial appointments, the Constitution is completely silent on the subject of how any of them may be removed from office. There are two notable exceptions:

1. The Public Auditor "may be removed only for cause and by the affirmative vote of two-thirds of the members of each house of the Legislature" (Article III, Sec. 12).

2. "The Governor may remove the heads of executive departments" (Article III, Sec. 14).

No term or length of time of these above-enumerated appointments are established by the Constitution except for the members of the Board of Education (4 years) and the Board of the Marianas Public Land Corporation (6 years with provision for staggered terms).

As a general proposition it can be said that with the power of appointment goes the power of removal. Defendant points out, as stated in Myers v. United States (1926) 272 U.S. 52, 71 L.Ed. 160, 47 S.Ct. 121:

> He (the president) must place in each member of his official family, and his chief executive subordinates, implicit faith. The moment that he loses confidence in the intelligence, ability, judgment or loyalty of any one of them, he must have the power to remove him without delay.

The Myers case, however, must be viewed in its context. At 71 L.Ed. p 181, the Court states:

214

> In the absence of all constitutional provisions
> or statutory regulation, it would seem to be a
> sound and necessary rule to consider the power
> of removal as incident to the power of appoint-
> ment. This power of removal from office was a
> subject much disputed, and upon which a great
> diversity of opinion was entertained in the
> early history of this government. This related,
> however, to the power of the President to remove
> officers appointed with the concurrence of the
> Senate; and the great question was whether the
> removal was to be by the President alone, or
> with the concurrence of the Senate, both con-
> stituting the appointing power . . . it was
> very early adopted as the practical construc-
> tion of the Constitution that this power was
> vested in the President alone. (emphases added)

Unlike the factual situation found in Myers the plaintiff here was appointed by the governor, without the advice and consent of the Senate, pursuant to Rules and Regulations, the validity of which are not here questioned. The composition of the EDLF Board, contrasted with the appointment of a lone official in Myers, is also a significant and distinguishable factor.

The language of Chapter V, Section A of the Manual, calling for definite and staggered terms, expresses the intent that the Board should, at all times, have in its composition a certain number of experienced members. This intent is further reinforced by the language found in Chapter V, Section D of the Manual which calls for each member to "serve his full term" unless he dies or voluntarily resigns. It is important to note also that the rule provides that the Board may recommend to the governor the removal of a member for cause. It would be an anomaly to require the Board to establish and prove cause for removal and to hold that the governor on the other hand, and without any recommendation from the Board, may remove a member at will, which defendant contends he has the power to do.

The governor contends that under Section 1(f) of Chapter 1, Title I(a), of Public Law 1-8, the governor may terminate at will any person he has appointed. The language of Section 1(f) states as follows:

215

> Unless otherwise provided by law, any person who is appointed to a position by the Governor with the advice and consent of the Senate and/or the House shall serve at the pleasure of the Governor. (emphases added)

Defendant overlooks the plain language of Sec. 1(f) which clearly deals with removal of appointees who are appointed with the advice and consent of the Senate. It is not disputed here that for those appointed with the advice and consent of the Senate, and for no set term of office, that they may be removed at will. Sec. 1(f) incorporates into statute the proposition for which the lengthy opinion in Myers stands for.

Like the Constitution, PL 1-8 is also silent on the subject of removal by the governor of those whom he appointed without the advice and consent of the Senate and for a definite term.[3]

Assuming arguendo that the above provision applies to persons who are appointed to various boards and commissions without confirmation by the Senate, the section nonetheless contains a qualifying phrase -- "Unless otherwise provided by law" -- which does in this case restrict and modify defendant's claim of un- limited power of removal at will of the governor.

In this instance the law provides otherwise, namely the Policy and Procedure Manual of the EDLF, in particular Chapter V, Section D. Validly enacted regulations have the force of law. 17 T.T.C. §§ 1(14), 4. See footnote 1 above.

- - - - - - - - - -

[3]Cf. Myers v. United States, supra, 81 L.Ed. at 216, in which Justice McReynolds wrote a separate incisive opinion dissenting from the majority decision:

> That many Presidents have approved statutes limiting the power of the Executive to remove, and that from the beginning such limitations have been respected in practice.

> That this Court, as early as 1803, in an opinion never overruled and rendered in a case where it was necessary to decide the question, positively declared that the President had no power to remove at will an inferior officer appointed with the consent of the Senate for a definite term fixed by an act of Congress.

The general proposition that the power of removal is inherently incident to the power of appointment is not without exception:

> The only way in which this power of removal can be limited is by first fixing the duration or term of office, and then providing the mode, if deemed necessary, by which the officer may be removed during the term.
>
> State v. District Court, 122 Mont. 464, 206 P.2d 166, 170 (1949).

Once the governor's absolute discretion to terminate EDLF board members has been limited by regulation, he cannot now contend that he as an appointor is not limited by such regulation. See Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152 (1957). The tenure of the EDLF directors is fixed and for a definite period of time. The mode by which the officer may be removed, other than by death or voluntary resignation, is by recommendation of the majority of the board members for cause. There is no ambiguity in the language of Chapter V, Section D of the Manual. In the instant case the Board of Directors has made no recommendations to the governor for the removal of plaintiff for any cause whatsoever. None of the conditions for vacating a position have occured and most importantly a policy of duration of term of office has been declared and a procedure for removal established,[4] thereby limiting the power of the governor to remove the plaintiff from office prior to the expiration of the director's term.

III

POWER OF REMOVAL FOR CAUSE BY THE GOVERNOR

The above interpretation of Chapter V, Section D of the Manual does not prohibit the Governor from initiating plaintiff's removal for cause. However, removal for cause without

- - - - - - - - - -

[4]The Manual is not specific as to the procedures for removal. However, 17 T.T.C. §§ 8 et seq., set forth the administrative hearing procedure that must be complied with in the event plaintiff is being removed for cause.

a notice of hearing or an opportunity to be heard is anathema to a person's right of due process. In this instance, the summary removal of the plaintiff by the governor clearly violated the plaintiff's right to due process.

For the reasons discussed above, the Court hereby GRANTS plaintiff's motion for partial summary judgment on his first cause of action, to wit, that the attempted removal is without legal force or effect in that the prescribed procedures for the removal of plaintiff as a director of the EDLF have not.been met.

An appropriate order will be entered.

DATED: Saipan, Northern Mariana Islands this ___29th___ day of ___October___, 1981.

ALFRED LAURETA
United States District Judge